# Blackstaff, Appellant, v. E. I. Du Pont De Nemours Powder Company.

*Sheriff's interpleader—Bond—Failure to file bond—Judgment—Acts of May 26, 1897, P. L. 95, and May 8, 1909, P. L. 475.*

A claimant in a sheriff's interpleader under the Act of May 26, 1897, P. L. 95, who has filed a statement of claim, and ruled the defendant to file an affidavit of defense, is entitled to take judgment in due course for want of an affidavit of defense, although he has not filed a bond. In such a case the mere fact that there was a rule pending to show cause why the claimant should not be allowed to file his own bond without security, does not suspend the proceedings under the rule for judgment. The right to proceed with the issue is not made dependent either upon the filing of a bond or upon an application by the execution creditor to have the goods sold.

Argued Oct. 6, 1911. Appeal, No. 64, Oct. T., 1911, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1910, No. 2,350, making absolute rule to strike off judgment in case of Blackstaff & Company v. E. I. Du Pont De Nemours Powder Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rule to strike off judgment.
The opinion of the Superior Court states the case.

*Error assigned* was the order making absolute rule to strike off judgment.

*Clifton Maloney*, for appellant, cited: Book v. Sharpe, 189 Pa. 44; Western Nat. Bank v. Cotton, Oil & Fiber Co., 35 Pa. Superior Ct. 47.

*Wallace M. Keely*, with him *J. Howard Reber*, for appellee cited: Necker v. Sedgwick, 36 Pa. Superior Ct. 593; Com. v. Burns, 14 Pa. Superior Ct. 248; Com. v. McNaught, 28 Pa. Superior Ct. 369.

OPINION BY RICE, P. J., March 1, 1912:

On October 1, 1910, the claimants in this sheriff's interpleader filed their statement of claim, on October 3 served on the defendant a copy of the same, together with notice of rule to file affidavit of defense, and on November 18 took judgment. This appeal is from the order striking off that judgment. The proceedings were in accordance with sec. 10 of the Act of May 26, 1897, P. L. 95, which, so far as material here, reads as follows: "In the issue to be framed under this act the claimant shall be the plaintiff, and all other parties thereto shall be defendants. The issue shall consist of a concise statement of the source of the claimant's title, signed and sworn to by him, or by some one in his behalf, and an affidavit to be filed by the defendant or defendants in the issue that he verily believes the title to the plaintiff therein to be invalid, and if the defendant fail or refuse to file said affidavit within fifteen days after notice of a rule to file same, the court shall upon motion of the claimant enter judgment against the defendant for want of such affidavit." But it appears that, on the same day on which the claimants filed their statement of claim, they obtained a rule to show cause why they should not be allowed to file their own bond without security, and an order that the time for filing bond should not expire until the determination of the rule. The rule was returnable on October 7, and on November 4 it was discharged. It is argued that the pendency of this rule had the effect of suspending the proceeding for judgment, that, consequently, the defendant had fifteen days after the discharge of the rule within which to file an affidavit of defense, and therefore the judgment was prematurely entered. But no stay of proceedings pending the rule was granted by the court and, unless the filing of a bond was a condition precedent to the prosecution of the issue that had been awarded, it is quite clear that the mere pendency of a rule as to this collateral matter did not operate as a stay. Whether, under the special circumstances set forth

in the defendant's affidavit upon which a rule to show cause why the judgment should not be opened was granted, the court would have been justified, in the exercise of a sound discretion, in opening the judgment and permitting the defendant to file an affidavit of defense, is a question which does not arise on this appeal, and we express no opinion upon it. It is to be noticed that the rule to open the judgment was discharged and that the defendant did not appeal from that order.

This brings us to the question whether a claimant in a sheriff's interpleader, who is otherwise entitled to judgment for want of an affidavit of defense, is deprived of that right by his failure to file a bond. Section 2 of the act of 1897, as amended by the Act of May 8, 1909, P. L. 475, provides that, if the court shall make absolute the rule to show cause why an issue should not be framed to determine the ownership of the goods and chattels, "the claimant shall give bond," etc. And sec. 11 provides that the bond and claimant's statement of title "shall be filed within two weeks" after the rule for issue shall be made absolute. When a statute requires that something shall be done, or done in a particular manner or form, without expressly declaring what shall be the consequences of noncompliance, the question often arises, what intention is to be attributed, by inference, to the legislature: Endlich on Interpretation of Statutes, sec. 431. In arriving at this intention, due consideration should be given to the consequences of noncompliance which the legislature has expressly declared, and, in such case, the intention ought to be very clear in order to justify the courts in subjecting the party to other consequences. While the provisions to which we have referred are imperative in terms, it is to be noticed, first, that giving bond is not a condition precedent to the granting of the issue, and, second, that the statute does not expressly make it a condition subsequent upon the breach of which the right of the claimant to proceed with the issue is abated or suspended. What the section declares is, that,

upon the giving of the bond and its being duly approved, the sheriff shall deliver the goods to the claimant, thus implying that if it be not given the goods will not be delivered to him. Again, affirmative evidence that the legislature did not intend the giving of bond to be an essential to the right of the claimant to proceed with the issue, is furnished by sec. 12, which reads: "If the claimant fail to give a bond, but otherwise files his statement of title within the time herein specified, the court may, on motion of the plaintiff in the execution or process or other party interested therein, direct a sale of the goods and chattels claimed as aforesaid, and the proceeds thereof shall be paid into court to await the determination of the issue." This clearly implies that the issue may be proceeded with notwithstanding the bond has not been given. We cannot agree with appellee's counsel, that the right to proceed with the issue is made to depend upon the execution creditor's application to have the goods sold. This is a right which is given for his protection, if he sees fit to avail himself of it. But it does not make it optional with him to block the trial of the issue by declining to make the application. There are good reasons why he should not have that option. As was said by Judge THAYER, in Dillon v. Conover, 2 W. N. C. 126: "Cases may arise in which the claimant is unable to give the required security. He cannot, under such circumstances, retain possession of the goods; but he ought, nevertheless, to have an opportunity to prove his ownership, and, if he succeeds, to take the proceeds of the sale as the equivalent of the goods." Construing sec. 12 with sec. 10, and bearing in mind that the issue is to consist of the plaintiff's statement and the defendant's affidavit, we entertain no doubt that it was the legislative intention that, although the claimant does not give bond, yet, if the issue is thus framed, he has a right to have it proceeded with to the end, or, if the claimant files his statement and the defendant refuses to file an affidavit, the former is entitled to judgment; but in neither of these cases is the

claimant entitled to retain the goods. This construction gives effect to the imperative language of the statute and has regard to the purpose of the legislature in making the requirement to give bond imperative and not merely directory.

The order making absolute the rule to show cause why the judgment should not be stricken off is reversed and the judgment is reinstated; the costs of this appeal to be paid by the appellee.